484 P.2d 214

The STATE of Arizona, Appellee,

v.

Arthur William STIELOW, Appellant.

No. 1 CA–CR 222.

Court of Appeals of Arizona,
Division 1,
Department A.

April 26, 1971.

Rehearing Denied May 26, 1971.

**446**

Ross P. Lee, Public Defender for Maricopa County by Anne Kappes, Deputy Public Defender, for appellant.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., for appellee.

STEVENS, Presiding Judge.

Arthur William Stielow was tried and convicted in the Superior Court. He was adjudged guilty, sentenced to the Arizona State Prison, and this appeal was perfected.

At the time of the filing of the complaint in the Justice Court the defendant was in federal custody in another state. During the period of his confinement in a federal penitentiary he prepared and forwarded demands for a speedy trial. Upon his release from federal custody he was returned to Arizona. Thereafter a preliminary hearing was held and he was bound over to the Superior Court for trial. In the Superior Court he presented a motion to dismiss based upon an asserted lack of a speedy trial. The motion was denied. Thereafter he was tried, convicted and sentenced.

The two primary issues presented to this Court are the failure of the trial court to grant the motion to dismiss and an asserted illegal form of verdict.

In late 1966 and early 1967, Mr. Quintus Klatt operated more than one automotive repair garage. One of his garages was operated at the Williams Air Force Base near Chandler, Arizona. It was in this garage that the defendant was employed, the employment commencing in the fall of 1966. The defendant first worked as a mechanic and later his duties were enlarged to include responsibilities as a manager. As the manager he had the full responsibility for the collection of the income of the business and for the banking thereof. The bank was located on the base. The bank closed before the garage closed and the garage was opened on Saturday whereas the bank was not. There were other private enterprises on the base which had business hours which were not coextensive with banking hours.

To accommodate Klatt and other businesses the Air Police had a series of lockboxes for the safekeeping of funds overnight and over weekends. These were locked with padlocks furnished by the business proprietors who controlled the distribution of the keys to the lock. Klatt had the use of one of these boxes and he and the defendant had the only keys to the padlock. Part of the defendant's responsibilities as manager was the placing of funds in the lockbox at the Air Police headquarters and the making of bank deposits. The cash and checks from the business were placed in the usual bank bag before being placed in the lockbox.

On Sunday, 19 February 1967, Klatt went to the garage. He noticed that the mechanic's tools which were the personal property of the defendant were gone. This caused him no immediate concern as he believed that this was an indication that the defendant had decided to terminate his employment. Later in the day Klatt inspected the lockbox at the Air Police headquarters and found that it was empty.

On 23 March 1967 the defendant was arrested in North Carolina. He had the bank bag and some checks from the garage business in his possession. He stated that while he intended to return the checks, he had spent the cash, a sum not known to him. At the trial it was established that there was $204.88 in cash. The theft of more than $100 is grand theft. A.R.S.

§ 13–663. This same dollar figure applies to theft by embezzlement. A.R.S. § 13–688. In relation to the defendant's avowed intent to return the checks we quote A.R.S. § 13–686:

> "In a prosecution for theft by embezzlement, when prior to the time a complaint is filed with a magistrate charging commission of the crime, the person accused voluntarily and actually restores or tenders restoration of the property alleged to have been embezzled, or any part thereof, such restoration or tender is not a defense to the charge, but it authorizes the court to mitigate the punishment in its discretion."

On 27 March 1967 a complaint was filed against the defendant in the Justice Court in Chandler, this being the first step in the process leading to the filing of the information in the Superior Court. The information is the formal charge upon which an accused person is tried. On the same date a warrant was issued for the arrest of the defendant.

In North Carolina the defendant entered a plea of guilty to a federal charge, and he commenced his incarceration in a federal penitentiary on 18 April 1967.

The defendant's brief asserts, and the State does not controvert this assertion, that the defendant, while in federal confinement, and on or about the following dates, prepared and sent to Arizona his request for a speedy trial. These requests are asserted to be as follows: On 27 July 1967, a motion for a speedy trial; on 20 December 1967, a petition for a speedy trial; on 29 March 1968, a petition for a writ of mandamus; and on 16 May 1968, a petition for a writ of mandamus. It is not clear from the record before us to whom these various items were sent or where they were filed. During the above-stated time the only open case file was the one in the Justice Court. We do not base our ruling in this case upon the inadequacy of the record, and we assume that somehow one or more of the defendant's efforts came to the attention of the Office of the County Attorney of Maricopa County, the office charged with the responsibility for the prosecution of the case now in question.

The exact date that the defendant was released from federal confinement is not clear. The record appears to establish that he was placed in custody in Maricopa County, Arizona, on 14 September 1968. His preliminary hearing was held on 2 October 1968 at the conclusion of which he was bound over to the Superior Court for trial. The information was filed on 23 October. The case was first set for trial for 27 November 1968. This setting was vacated at the defendant's request. It was then reset for 18 December 1968. Prior to the last-mentioned date he filed his motion to dismiss for want of a speedy trial. The motion was denied on 6 December 1968 and the 18 December 1968 trial date remained without modification.

■ We find a minute entry dated 19 December 1968 which reads as follows:

> "The Court having been served with notice of application for writ of prohibition dated December 18, 1968,
>
> "IT IS ORDERED vacating trial setting of December 18, 1968."

The issues presented to the Arizona Supreme Court are not before us, nor do we have the ruling of the Arizona Supreme Court. From the scanty information which we have, we assume that the Supreme Court proceeding was in the nature of a procedure now known as a special action designed to review the denial of the motion to dismiss. We assume that the Supreme Court declined to accept jurisdiction. We find no reported written opinion of the Arizona Supreme Court in reference to this matter. Based on these assumptions, it is our opinion that the Supreme Court action does not establish the law of the case on the speedy trial issue. See City of Glendale v. Skok, 6 Ariz. App. 342, 432 P.2d 597 (1967). On 15 January 1969 the Superior Court cause was reset for trial and the trial took place on 30 January 1969. We assume that the resetting of the Superior Court action was entered after the Supreme Court declined

to accept jurisdiction in relation to the matter recited in the 19 December 1968 minutes.

The jury returned its verdict of guilty. The post-verdict motions were denied. On 5 March 1969 the trial court entered its judgment of guilt and sentenced the defendant to not less than 4 years and not more than 6 years in the Arizona State Prison, the sentence to commence as of 14 September 1968. At the time of sentence the trial judge stated:

"* * * the Court in it's (sic) order which will follow, has taken into account the fact that you did serve time in the Federal Penitentiary, and in entering sentence which the Court will now enter, has in fact given you credit for the time which you have served in the Federal Penitentiary, as though you had come to Arizona for an early trial at your earliest request, * * *."

This appeal does not raise issues as to the sufficiency of the evidence to sustain some type of conviction. The evidence was brief, concise and conclusive.

## SPEEDY TRIAL

The right of a defendant to invoke the process known as a writ of *habeas corpus ad prosequendum* as a means of invoking the provisions of 18 U.S.C. § 4085 has been recognized by our Supreme Court in State v. Heisler, 95 Ariz. 353, 390 P.2d 846 (1964), and State v. Kostura, 98 Ariz. 186, 403 P.2d 283 (1965). Neither of these cases furnishes us with fixed guidelines. Both cases appear to permit each case to rest upon its own peculiar facts. In neither case was there an issue for decision on this point, the statements by the Supreme Court being in the nature of explanatory observations.

Defendant urges that Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, decided 20 January 1969, requires that the instant case be reversed with instructions to dismiss the information. We are unable to agree. In the instant case from the time of the complaint in the Justice Court (27 March 1967) to the preliminary hearing (2 October 1968), slightly more than 18 months had expired and the time lapse to the initial scheduled trial date in the Superior Court (27 November 1968) was 20 months. In Smith, over 6 years had expired and the United States Supreme Court did not direct a dismissal. A reading of the separate opinions in connection with the Smith case discloses that the matter of such a directive was considered by the United States Supreme Court and the majority opinion is silent on the subject, leaving the ultimate responsibility with the several states.

The defendant urges that we follow the case of Glasgow v. State, Alaska, 469 P.2d 682 (1970), and on that basis dismiss the information. It is our view that the factual basis in Glasgow is far different from the one in the instant case. In Glasgow all the delay was in the state court. In the instant case, the prosecution moved with dispatch once the defendant returned to Arizona.

In the instant case the record is completely silent as to any showing of prejudice to the defendant and as to any showing that he was in any way handicapped in his ability to secure witnesses and present a defense. It is our view that our holding in the instant case is consistent with state v. Burrell, 102 Ariz. 136, 426 P.2d 633 (1967); State v. Saiz, 103 Ariz. 567, 447 P.2d 541 (1968); State v. French, 104 Ariz. 359, 453 P.2d 505 (1969); and State v. Bowman, 105 Ariz. 307, 464 P.2d 330 (1970).

■ We find an absence of an abuse of discretion in the denial of the motion to dismiss for want of a speedy trial.

## THE VERDICT

It is clear from the record that there was but a single, well-defined set of facts. There was but a single transaction. The complaint which was filed in the Justice Court and the information which was filed in the Superior Court plead in the alternative. This was not a two-count information. Both the complaint and the information set

forth the offense of grand theft (A.R.S. § 13–663) or in the alternative theft by embezzlement (A.R.S. § 13–682). The penalty was the same for both. A.R.S. § 13–688. Rule 138 of the Rules of Criminal Procedure, 17 A.R.S., authorizes alternative pleading. The Rule is silent as to the requirement of an election. A.R.S. § 13–1641 is as follows:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Under the facts in this case had the defendant been convicted of grand theft, he could not be later tried for theft by embezzlement and the converse is true.

The jury returned its verdict as follows:

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the Defendant guilty of Theft or Theft by Embezzlement.

Wilma M. Land, Foreman."

The court's judgment of guilt is quoted as follows:

"It is the Judgment of the Court that you are guilty of the crime of Theft or Theft by Embezzlement, both felonies, as found by verdict of the Jury."

There was a complete absence of a request that the State elect between the two alternative offenses charged. The formal verdict was expressly submitted to counsel by the trial court at the time of the settling of the instructions and no objection was made thereto. Under these circumstances the trial court did not instruct that the jury must find one offense or the other.

There is no question that the elements of grand theft are distinct from the elements of embezzlement. It is interesting to note that in § 43–5501 of the 1939 Arizona Code Annotated both offenses were set forth in a single section relating to theft. With the adoption of the Arizona Revised Statutes

the offenses were segregated into separate sections and were separately defined. A reading of the record indicates to this Court that the evidence was sufficient to support either grand theft or theft by embezzlement. The entire tenor of the trial was addressed to the embezzlement aspect of the offense which was committed.

The defendant urges that the error in the form of verdict and the judgment of guilt is so fundamental as to be available for presentation for the first time on appeal. The court recognizes that there can be that type of fundamental error. Defendant urges that it is possible that some of the jurors may have found the defendant guilty of grand theft, and that some of the jurors may have found the defendant guilty of theft by embezzlement. So the defendant reasons that it is possible that there was not a unanimous verdict of guilt as to either offense. The defendant cites People v. Davis, 175 Mich. 594, 141 N.W. 667 (1913) and State v. Ewing, 174 Or. 487, 149 P.2d 765 (1944). In Davis the Court stated:

"Under the case as submitted by the court one juror might have found them guilty of having committed the offense on a certain day between the dates alleged, another on another day, and perhaps no two of the jury agreeing upon the same day." 175 Mich. at 597, 141 N.W. at 668.

In Ewing the Court stated:

"As a result, it is entirely possible that some of the jurors may have found the defendant guilty of one of the prohibited acts, while others relied upon some other and different alleged act." 174 Or. at 496, 149 P.2d at 769.

There are marked factual differences between these cases and the instant case. In both of the cases urged by the defendant the jury was permitted to deliberate as to which of a series of similar acts constitued the single offense which was charged, whereas in the instant case there was but one act.

In State v. Boodry, 96 Ariz. 259, 394 P.2d 196 (1964), a single act constituted two separate offenses. The Supreme Court af-

**450**

firmed the judgment of guilt as to both offenses and vacated the sentence as to one. Thereafter in State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967), and State v. Mendoza, 107 Ariz. 51, 481 P.2d 844 (1971), the Supreme Court vacated the judgment of guilt as to one of the offenses which had been committed by the single act. In each of the last three cases there was a separate verdict of guilt as to each offense and not a combined verdict as in the instant case.

■ We hold that under the facts of this case where there was but a single act and the proof thereof could well have supported a verdict of guilt of grand theft or a verdict of guilt of theft by embezzlement, and where the record affirmatively discloses that there was no objection to the form of verdict either before the same was submitted to the jury or after it was read to the jury in the court's instructions, and where the record is silent as to the matter having been presented to the trial court prior to the appeal, the error was not so fundamental as to require a reversal.

The judgment of guilt is modified by striking the words "theft or" and the words "both felonies" and substituting for the latter words "a felony" and as so modified this cause is affirmed.

CASE and DONOFRIO, JJ., concur.