484 P.2d 631

**STATE of Arizona, Appellee,**

v.

**Harry Ortega FELIX, Appellant.**

**No. 2055.**

Supreme Court of Arizona,
In Division.

May 13, 1971.

Rehearing Denied June 8, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Former Asst. Atty. Gen., and John Ryley, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Vice Chief Justice.

The defendant, Harry Ortega Felix, was tried by a jury on an information charging

212

him with assault with intent to commit murder. The facts show that the defendant and his uncle entered a bar in Phoenix, Arizona. After the defendant sat down at a bar stool, he noticed a scuffle going on between his uncle and another man. Upon trying to break up the scuffle, the defendant was pushed by one Richard Celaya, and was caused to fall on his back. The defendant got up and sat down on the stool again. Soon after, the defendant left the bar with his uncle.

About an hour later the defendant came back into the same bar with his uncle. Richard Celaya was playing pool at this time. On seeing that the defendant had returned, Celaya began calling him names. The defendant picked up a cue stick and told Celaya to come out in the open and fight. Celaya picked up some pool balls, apparently with the idea of throwing them. At this time the defendant pulled a pistol from his person, and when Celaya refused to put the pool balls down, the defendant shot at a pool table behind which Celaya had retreated. The testimony shows that either two or three shots were fired by the defendant.

At the conclusion of the case, the jury returned a verdict of guilty of assault with a deadly weapon.

The defendant appeals this conviction on two grounds. The first is that assault with a deadly weapon is not a lesser included offense in the crime of assault with intent to commit murder. The second contention is that the offense of assault with a deadly weapon is divided into degrees, and the jury's failure to find the degree of the crime constitutes grounds for reversal.

The first contention requires little attention because assault with a deadly weapon is a lesser included offense in the crime of assault with intent to commit murder. State v. Thompson, 68 Ariz. 386, 206 P.2d 1037 (1949). We further note that this contention is raised for the first time on appeal.

With regard to defendant's second contention that the jury had to make a finding as to the degree of the crime we need only look to the statute on assault with a deadly weapon, A.R.S. § 13–249. An examination of that statute indicates clearly that the crime is not broken down into degrees. Subsection B of A.R.S. § 13–249 provides, however, for an increased punishment when the crime is committed with a gun or deadly weapon.

Judgment of the trial court is affirmed.

UDALL and LOCKWOOD, JJ., concur.