490 P.2d 1170

**STATE of Arizona, Appellee,**

v.

**Ruben MARIN, Appellant.**

**No. 2154.**

Supreme Court of Arizona,
In Banc.

Nov. 17, 1971.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Leonard N. Sowers, Kearny, for appellant.

UDALL, Justice:

Ruben Marin, defendant below, appeals from convictions of assault with intent to commit murder and assault with a deadly weapon.

The record shows that on or about the 13th of November, 1969, defendant and four other men (Dorotheo Perez, Jose O'Dell, Jr., Pedro Munoz and the victim, Antonio Villa) met at the La Fortuna Tavern in Casa Grande. An argument developed between Villa and Munoz. It appears that Munoz unsuccessfully attempted to provoke Villa into a fistfight. A short while later, the tavern's manager ordered the men to leave so he could close up the tavern. The men exited and once outside, the defendant boisterously approached Villa and sought unsuccessfully to provoke him into a fight. Defendant then pulled a pistol from his pocket and asked Villa to get in the car so that they might continue their drinking elsewhere. The defendant, Villa and O'Dell drove in defendant's car to a wooded area near Casa Grande.

Some fifteen minutes later Perez and Munoz arrived. A small campfire was built and the men began to drink beer.

Villa testified that while they were seated around the fire, defendant, for no apparent reason, pulled out his pistol and fired several shots, narrowly missing him. (R.T. 210). While defendant attempted to reload his pistol, Villa ran and escaped into the darkness. The men continued to drink for several more minutes and then left. As they drove back towards Casa Grande they found Villa walking on the road to Casa Grande. Defendant stopped his car and coaxed Villa into coming with him by promising to drive him back into Casa Grande. Villa got into defendant's car, but instead of driving Villa to Casa Grande, the defendant drove to a field some six miles east of Casa Grande. There, defendant threatened to kill Villa and when he attempted to escape, shot him three times.

Defendant was arrested the following day and charged as follows:

"Count I—Assault with intent to commit murder (A.R.S. § 13–248)

Count II—Kidnapping (A.R.S. § 13–491)

Count III—Assault with a deadly weapon. Also with prior conviction (Exhibit A)."

Trial before a jury resulted in the following verdicts:

"Count II: 'We, the Jury, duly empaneled and sworn in the above entitled cause, do upon our oaths, find the Defendant Rubin Marin Not Guilty of the crime of kidnapping.'"

"Count I [sic]: 'We, the Jury, duly empaneled and sworn in the above entitled cause, do upon our oaths, find the Defendant Ruben Marin, Guilty of the crime of Assault With a Deadly Weapon.'"

"Count I: 'We, the Jury, duly empaneled and sworn in the above entitled cause, do upon our oaths, find the Defendant Ruben Marin, Guilty of Assault with Intent to Commit Murder.'"

On appeal, defendant raises the following questions:

(1) Was an improper and fundamentally defective verdict rendered since the jury returned a verdict of guilty to a mislabeled count, i. e., both verdicts of guilty returned were labeled "Count I"? And, if so, did the trial court improperly amend the first "Count I" to read "Count III" after the jury had already been discharged?

(2) Did the trial judge improperly sentence the defendant to serve not less than ten years nor more than twenty years under A.R.S. § 13–249, subsec. B?

While the issue of merger or lesser included offenses has not been raised on appeal, we feel a brief discussion of such is necessary. A.R.S. § 13–1641 provides that an act or omission which is punishable in different ways by different sections of the law may be punished under either, but in no case under more than one section of the law. This section provides protection against "double punishment." In the instant case, defendant was tried and convicted of assault with a deadly weapon and assault with intent to commit murder. Although assault with a deadly weapon is a lesser included offense in the crime of assault with intent to commit murder, State v. Felix, 107 Ariz. 211, 484 P.2d 631 (1971); State v. Thompson, 68 Ariz. 386, 206 P.2d 1037 (1949), the defendant was, in the instant case, properly tried and convicted of both crimes. The assault with a deadly weapon was fully accomplished when defendant pointed his pistol at Villa and fired several shots near his head, even though neither of these shots struck him. State v. Andrews, 106 Ariz. 372, 476 P.2d 673 (1970). The assault with intent to commit murder, having been committed some time later and having resulted in serious injury to Villa, was a completely separate and distinct act. The assault with a deadly weapon did not, therefore, merge

in, nor was it a lesser included offense within the charge of assault with intent to commit murder. See State v. Schindorff, 107 Ariz. 172, 484 P.2d 4 (1971).

We now proceed to address ourselves to the issues raised by defendant on appeal:

### (1) MISLABELED VERDICT OF GUILTY

■ While defendant admits that the trial judge properly instructed the jury as to the verdicts they might render, he argues that since the jury returned a verdict on an improperly labeled count (both Count I and Count III were labeled Count I), the verdict was so "inconsistent and ambiguous" that defendant should have been acquitted of the crime charged in the mislabeled count.

The State, in turn, disagrees, contending that although both verdicts of guilty were labeled "Count I", the language set forth therein clearly and unequivocally shows that the jury intended to, and did, find defendant guilty of both assault with intent to commit murder (Count I) and assault with a deadly weapon (Count III).

We agree with the argument advanced by the State. It is clear from reading the returned verdicts that "Count I" was erroneously appended to the verdict which should have been labeled "Count III". The language used by the jury in these two verdicts clearly shows that the jury found defendant to be: "Guilty of the crime of Assault With a Deadly Weapon" and "Guilty of Assault with Intent to Commit Murder."

It is important to note that mere irregularity in a verdict of conviction is immaterial if the intent to convict the accused of the crime charged is unmistakably expressed. Kimball v. Territory, 13 Ariz. 310, 115 P. 70 (1911), and no irregularity in the rendition, reception or recording of a verdict shall affect its validity unless the defendant was, in fact, prejudiced thereby. Rule 305, Rules of Criminal Procedure, 17 A.R.S.; Article 6, § 22 of the Arizona Constitution, A.R.S.; State v. Thompson, supra; State v. King, 66 Ariz. 42, 182 P.2d 915 (1947). The fact that "Count III" was mislabeled as "Count I" clearly had no effect on the verdict and the trial judge had authority to amend it to its proper form. Obviously, the error was harmless.

### (2) IMPROPER SENTENCE

■ Defendant argues that the sentence imposed for assault with a deadly weapon was excessive. In support thereof, we are referred to A.R.S. § 13–249, as amended. A brief reading of this section reveals that a person who is convicted of assault with a deadly weapon (here—a gun) can be punished under subsection B by imprisonment in the state prison for a term of not less than five years nor more than life imprisonment. Defendant was sentenced to serve not less than ten years nor more than twenty years. Clearly, the sentence as imposed fell within the sentence allowed by statute.

We find no merit in defendant's contentions.

Judgment affirmed.

STRUCKMEYER, C. J., and HAYS, V. C. J., LOCKWOOD and CAMERON, JJ., concur.