## MICHAEL RIZIA *v.* STATE OF MARYLAND

[No. 114, September Term, 1972.]

*Decided October 26, 1972.*

The cause was argued before MORTON, MOYLAN and POWERS, JJ.

---

*Bernard Brager* for appellant.

*Bernard A. Raum, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William S. Horne, State's Attorney for Talbot County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Michael Rizia, was convicted in the Circuit Court for Talbot County by a jury, presided over by Judge James A. Wise, of breaking a storehouse and stealing therefrom goods of the value of $5 or more.

He does not contest the establishment of his criminal agency generally, but relies upon the fine point that the premises he burglarized was a dwelling and not a storehouse. The record in this case would be significantly enhanced if it included a diagram or photograph of the victimized premises. It may be gleaned from testimony, however, that Charles Russell Porter owned a building which served as both his residence and his place of business. The original part of the structure is a bungalow measuring 24 feet by 36 feet which is the residence of Mr. Porter. Built onto that bungalow is a structure measuring 50 feet by 20 feet in which and from which Mr. Porter conducts his business of selling package liquors, groceries and gasoline. The store part of the building is divided into two rooms, one the store proper and the other a storage room.

The residence part of the over-all building has several doors leading to the outside which are not connected with the store in any fashion. In turn, the store section of the over-all building apparently had one or more doors leading to the outside, totally unconnected with the residence. The complicating architectural feature was that an enclosed porch served as a common vestibule and avenue of ingress to both the rear of the residence (the kitchen) and the rear of the store.

It is clear from the evidence that the appellant and

his accomplice broke and entered the enclosed porch by, at the very least, opening the closed door leading from the outside to that porch. Once inside the enclosed porch area, the sequence of events is ambiguous. From the testimony of the daughter of the store owner, the inference could well have been drawn that the burglars went directly from the enclosed porch area through a door leading from the porch into the store itself. The testimony of the accomplice was, on the other hand, that the two burglars went from the enclosed porch area through another door which led into the kitchen of the Porter residence. According to that testimony, the burglars then proceeded from the kitchen through a different door connecting that kitchen with the storehouse. Under either set of facts, however, the necessary elements of storehouse breaking were established with legal sufficiency.

It is unnecessary to deal with the intriguing question of what type of building was broken at the moment when the appellant broke and entered the enclosed porch which served as a common vestibule and overlapping entrance to both its adjacent residence and its adjacent storehouse. Under the porch-to-storehouse theory of the breaking sequence, the perimeter of the storehouse was breached at the very latest when the burglars broke through the last barrier separating the storehouse from the enclosed porch. Under the porch-to-kitchen-to-storehouse theory of the breaking sequence, the perimeter of the storehouse was breached at the very latest when the burglars broke through the last barrier separating the storehouse from the kitchen of the dwelling house. That the burglars may have inadvertently and coincidentally perpetrated the common law burglary of a dwelling house en route to their breaking of the storehouse does not derogate in any way from the full and independent establishment of that latter crime.

A reverse sequence was before us in *Jones v. State,* 2 Md. App. 356. There, we made it clear that a single structure under a single roof partook, in its several parts, of the character of a storehouse and of the character of

a dwelling house. The first and second floors were the business premises of the Chesapeake Club, Inc., and were held by us to be a storehouse. The third floor, on the contrary, was the residence of a Mrs. Selph and was held by us to be a dwelling house. When the defendant there broke into the first floor of that structure with the intention of perpetrating a larceny therein, he was guilty of storehouse breaking. When the defendant then proceeded to the third floor apartment of Mrs. Selph with the intention of perpetrating another larceny therein, it was the clear import of our decision that he might thereby have been perpetrating additionally the burglary of a dwelling house. The evidence in that case was, however, legally insufficient to show an actual breaking of the door leading into Mrs. Selph's apartment. That insufficiency was not present in the case at bar.

*Judgment affirmed.*