510 P.2d 749

STATE of Arizona, Appellee,

v.

John Edward POSTELL, Appellant.

No. 1 CA–CR 496.

Court of Appeals of Arizona,
Division 1,
Department A.

June 12, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Rudy Gerber, Sp. Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Presiding Judge.

This is an appeal by defendant John Edward Postell from a jury conviction of the crime of assault with a deadly weapon, a felony, and from the judgment and sentence of four to five years imposed thereon.

Defendant was originally charged with the crime of assault with intent to commit murder under A.R.S. § 13–248, as amended 1967. The information alleged that he committed the offense while armed with a gun or deadly weapon. During trial the court instructed the jury on the lesser offense of assault with a deadly weapon. The jury returned a verdict of guilty to said offense. We are asked to pass upon the following questions:

1) Whether it was proper for the trial court to have instructed the jury on the charge of assault with a deadly weapon as being a lesser included offense under the charge of assault with intent to commit murder; and

2) whether the trial court was required to give an instruction on accidental shooting absent a request by defendant to do so.

The essentially uncontroverted facts, as they relate to this appeal, are as follows. On June 5, 1971, at approximately 2:00 a. m., the defendant shot the victim, George Thomas, in the back while the latter was walking away from Tucker's Place, a rooming house on Main Street in El Mirage, Arizona. The shooting wound was not fatal, and the victim was treated in St. Joseph's Hospital in Phoenix. The incident which provoked the shooting stemmed from defendant's earlier discovery of his "common-law wife" in bed with the victim.

The major factual issue at trial was whether the shooting was accidental or intentional. Accident or misfortune can, of course, be a bar to criminal conviction. A.R.S. § 13–134, subsec. 3.

Defendant testified in his own behalf that immediately prior to the time the victim was shot, he discovered his "common-law wife" and the victim in the compromising situation, had become annoyed, and raised a borrowed pistol with which he claimed he was unfamiliar, waving it in the air merely to warn the victim. Defendant claimed that the gun accidentally discharged, thus injuring the victim. This was essentially the only evidence offered by defendant as to his theory concerning the shooting incident.

Contrary testimony was presented, however, to the effect that immediately prior to the actual shooting defendant pointed the gun at the victim and the victim's eyewitness companion, stating to the victim, "I am going to kill you", and stating to the companion, "You stay back unless you want some too." Immediately after the shooting, to which the companion testified that he saw the blaze from the gun in defendant's hand, defendant allegedly approached the victim, again pointed the gun at the victim, and said, "I guess that will teach you a lesson", and later went on to say, "I'll shoot you again."

At the conclusion of trial the court instructed the jury regarding the lesser offense of assault with a deadly weapon under A.R.S. § 13–249, but did not give an instruction regarding accidental shooting. The defendant did not specifically request an instruction on accidental shooting. No objections were made to the instructions given by the trial court.

WAS IT PROPER FOR THE TRIAL COURT TO HAVE INSTRUCTED THE JURY ON THE CHARGE OF ASSAULT WITH A DEADLY WEAPON AS BEING A LESSER INCLUDED OFFENSE UNDER THE CHARGE OF ASSAULT WITH INTENT TO COMMIT MURDER?

A verdict may be rendered for an offense different from the offense charged only if it is included in the offense charged. State v. Sutton, 104 Ariz. 317, 452 P.2d 110 (1969); State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950).

Defendant argues that the court erred in charging the jury that they could find the defendant guilty of assault with a deadly weapon because it is not a lesser included offense. He reasons that because there are means with which to murder that do not include the use of a deadly weapon, all the elements of the lesser offense are not included in the greater offense, therefore it is not a logical necessity that assault with a deadly weapon be a lesser included offense within the crime of assault with intent to commit murder.

Although the Arizona Supreme Court has perhaps never resolved the issue as presented in this form, that tribunal has held on at least three occasions that within the crime of assault with intent to commit murder, assault with a deadly weapon is indeed a lesser included offense. State v. Felix, 107 Ariz. 211, 484 P.2d 631 (1971); State v. Thompson, 68 Ariz. 386, 206 P.2d 1037 (1949); Hann v. State, 30 Ariz. 366, 247 P. 129 (1926). In State v. Felix, su-

pra, the Supreme Court unequivocally stated:

"The first contention requires little attention because assault with a deadly weapon is a lesser included offense in the crime of assault with intent to commit murder . . ." 107 Ariz. at 212, 484 P.2d at 632.

█ It is well settled that a trial court may instruct on a lesser included offense where there is evidence presented upon which the jury could convict on the lesser offense even though the evidence might be insufficient to convict on the greater offense. State v. Ramos, 108 Ariz. 36, 492 P.2d 697 (1972); State v. Brady, 105 Ariz. 190, 461 P.2d 488 (1969); State v. Sutton, supra.

█ The record clearly establishes that the requisite elements of the offense of assault with a deadly weapon had been met. We find no error in the giving of the instruction.

## WAS THE TRIAL COURT REQUIRED TO GIVE AN INSTRUCTION ON ACCIDENTAL SHOOTING ABSENT A DEFENSE REQUEST TO DO SO?

Defendant contends that although a request for a specific instruction on accidental shooting was never made, the court had the affirmative obligation to instruct the jury on the subject, *sua sponte*. In 23A C.J.S. Criminal Law § 1325(4), at p. 839, is the following general proposition:

". . . [I]t is not error to fail to give an unrequested instruction on the law of accident as a defense where the instructions as a whole fairly cover the issues of fact before the jury for consideration or there is no evidence to support a charge on the law of accident, even though the charge is authorized by the statement of accused; but it is otherwise where accident is one of the main defenses and is involved by the evidence."

█ First, we must ascertain if the court has instructed on the general principles of law pertaining to the essential issues of the case. In this connection we must consider the instructions as a whole. Reading the instructions as a whole, we find that they fairly cover the issues of the case and take into account the defense of accidental shooting.

The court instructed the jury that the evidence which they were to consider was the testimony of the witnesses and the exhibits received into evidence. This certainly permitted them to consider defendant's testimony which gave his version of accidental shooting. The trial judge also instructed the jury that the arguments of counsel were intended to help them in understanding the evidence and in applying the law of the case. Arguing lack of intent, defendant's counsel argued to the jury defendant's version of accidental shooting, thus placing that defense before them. The court also gave the usual instruction on the credibility of witnesses. In the instructions the court defined the criminal charge of assault with intent to commit murder and the elements necessary to constitute this offense, particularly the specific intent that is necessary.

With reference to the crime of assault with a deadly weapon, upon which the jury returned their verdict, the court instructed:

"The pertinent part of the statute which applies to the crime of assault with a deadly weapon is as follows:

"Assault with a deadly weapon is an unlawful attempt, coupled with a present ability to commit a violent injury upon the person of another with a deadly weapon.

"To constitute a crime there must be an act forbidden by law, and an intent to do the act. Intent may be inferred from the defendant's voluntary commission of an act forbidden by law and it is not necessary to establish that the defendant knew his act was in violation of the law.

"In the case of certain crimes it is necessary that the criminal act be accompanied by a specific act or intent without which a crime is not committed."

The court instructed on the presumption of innocence, the burden of proof, and defined reasonable doubt. Granted, the court could have expanded on its instructions, but neither party asked for additional instructions, nor did they make any exceptions to the instructions which were given.

We believe the instructions as a whole fairly covered the issues before the jury. If the shooting had been accidental, the element of intent would have had to be absent. The court instructed that intent was a prerequisite which left to the jury the duty of acquitting defendant if they believed his testimony that the shooting was accidental. The matter of whether an instruction must be given without request concerning accident and misfortune is one of first impression in this jurisdiction. When substantial evidence has been found to support a defendant's theory of accidental shooting, some courts have ruled that a defendant was entitled to an instruction on his defense, even without his request. State v. Brinkley, 354 Mo. 1051, 193 S.W. 2d 49 (1946); State v. Douglas, 16 N.C. App. 597, 192 S.E.2d 643 (1973); Coleman v. State, 208 Ga. 511, 67 S.E.2d 578 (1951). Other courts, however, have ruled that no instruction need be given absent request, even where there was some evidence to support a defendant's contention of accidental shooting. *See,* Washington v. State, 126 Ga.App. 396, 190 S.E.2d 821 (1972); State v. Baker, 246 Iowa 215, 66 N.W.2d 303 (1954); State v. Swiney, 296 S.W.2d 112 (Mo.1956); Dyson v. United States, 97 A.2d 135 (Mun.App.D.C.1953).

In light of the above, we hold that under the facts of the instant case the trial court did not commit error in not giving an instruction on accidental shooting, on its own motion.

Upon examination of the record we find reasonable evidence to satisfy each element of the crime for which defendant was convicted, and to support the jury's verdict in this case. *See,* State v. Marin, 107 Ariz. 580, 490 P.2d 1170 (1971); State v. Andrews, 106 Ariz. 372, 476 P.2d 673

(1970). We have otherwise searched the record for fundamental error and have found none.

Affirmed.

OGG and STEVENS, JJ., concur.