545 P.2d 83
**STATE of Arizona, Appellee,**
**v.**
**Debra Lynn ROBERTS, Appellant.**
**No. I CA–CR I I54.**

Court of Appeals of Arizona,
Division 1,
Department A.
Jan. 20, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Wade Church, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

This is an appeal by defendant Debra Lynn Roberts from a judgment of conviction for the offense of possession of narcotic drugs, a felony. The sole issue is the sufficiency and legality of the verdict which was rendered by the jury. More specifically, the question is whether the trial court prejudicially erred in recalling a jury to have it reconsider its verdict of guilty returned on an erroneous form of verdict.

Appellant was charged with possession of a narcotic drug, to-wit: heroin, in violation of A.R.S. § 36–1002. The order holding defendant to answer, filed after her preliminary hearing, found probable cause to believe the appellant had possessed the narcotic drug as alleged, and the information which was thereafter filed charged appellant with said same crime of possession of a narcotic drug, to-wit: heroin.

Appellant was subsequently tried by a jury. Due to the absence of the defendant at the time the verdict was returned, and the late hour, the verdict was sealed and the jury was polled to determine that it was their true and correct verdict. The jury was then excused from further service in the case.

The next morning, January 23, 1975, the verdict was opened, read and recorded by the Clerk. Appellant had been found guilty and the verdict was on the form which had been submitted to the jury at the time the court instructed them. The court then set the time for sentencing, determined that appellant should remain free on her own recognizance, and requested to know whether there were any other matters to be placed of record. After being informed that there were no other matters to attend to, court was adjourned.

The following day, January 24th, the record shows that counsel were called into chambers by the trial judge to discuss an error which had been discovered in the form of verdict returned by the jury. The following colloquy in chambers sets out the problem:

"[The Court] Earlier this week, this matter went to trial, was submitted to the jury for rendition of verdicts. Everything in the trial, from the charge to the instructions, talked about possession of narcotic drug, to wit, heroin. What they did not—I instructed my Clerk to type forms of verdict and mistakenly those forms of verdict are guilty and not guilty forms, but each of them say 'possession of dangerous drugs, to-wit, heroin.'

"This is not a dangerous drug. There was not a charge of a dangerous drug, nor did the instructions relate to a dangerous drug, but the verdicts do."

Thereafter the jurors were recalled and told that a clerical error was discovered on the forms submitted. The error being that the word "dangerous" was substituted for the word "narcotic." New corrected forms of verdict were submitted to them which they deliberated upon a short period of time and thereafter returned the new guilty verdict. At this point we might add that the trial court could well have corrected the error under Rule 24.4, Rules of Criminal Procedure, 17 A.R.S. but, no doubt, feeling that she was acting through an abundance of caution undertook to recall the jury and resubmit the matter to them.

■ The appellant argues that a jury once discharged cannot be recalled as in this case days later, to reconsider the case and to correct an error in their verdict. With this we agree, however, under the circumstances of this case which we will hereafter discuss, we believe the error is harmless as contemplated by Art. 6, § 27 of the Arizona Constitution. See also *State v. Mendiola,* 23 'Ariz.App. 251, 532 P.2d 193 (1975), adopted as opinion by the Supreme Court, 112 Ariz. 165, 540 P.2d 131. The thrust of appellant's contention appears to be that the first verdict is invalid because the appellant was found guilty of a crime not charged and that the second verdict is invalid because the jury could not be recalled. The obvious conclusion to be drawn, therefore, according to appellant, is that her conviction should be reversed. For the reasons which follow, we find the verdict sufficient and affirm the judgment and sentence.

■ To determine whether a verdict is sufficient we not only look to the information but also to the trial itself and the particular issues involved. *Hampston v. State,* 34 Ariz. 372, 271 P. 872 (1928); *Holder v. State,* 31 Ariz. 357, 369, 253 P. 629 (1927). In order to be sufficient, a verdict must respond substantially to all the material issues raised in the case. *Hampston v. State,* supra. As stated by the Court in *United States v. Nooks,* 5 Cir., 446 F.2d 1283, 1290, cert. den. *sub nom Hughes v. United States,* 404 U.S. 945, 92 S.Ct. 299, 30 L.Ed.2d 261:

"The verdict of the jury should be construed with reference to the indictment, the court's charge, and the entire record to arrive at the intention of the jury, and all fair intendments should be made to sustain the verdict."

.With these principles in mind, we note that at every stage of the proceeding below appellant was on notice that she was to be tried for one offense; possession of narcotic drugs, to-wit: heroin. From the commencement of the trial, to the instructions given to the jury, the only issue involved was possession of heroin. At the end of the trial the jury was instructed that the State had charged the defendant with the crime of possession of a narcotic drug, to-wit, heroin. Immediately prior to excusing the jury for its deliberations the court concluded:

"You will be given two forms of verdict on which to indicate your decision. You will read them when you get to the jury room. One of the verdict says 'not guilty' and one form of verdict says 'guilty.'"

This is not a case in which the trial court either allowed amendment of the information at the end of the trial to charge a different crime or instructed on a crime which was not a lesser included offense. *State v. Postell,* 20 Ariz.App. 119, 510 P.2d 749 (1973); *Peterson v. Jacobson,* 2 Ariz. App. 593, 411 P.2d 31 (1966). Such actions may very well violate a defendant's fundamental constitutional right to know the nature and cause of the accusation. *Peterson v. Jacobson,* supra, at 595, 411 P. 2d 31. This is a case which involved a single, well-defined set of facts; one count in the charging document; instructions which dealt only with the crime charged; facts which supported the conviction; and, finally, a clerical error and the failure of counsel to object to the erroneous form of the verdicts. In such a case, the verdict should be affirmed. *Cf, State v. Stielow,* 14 Ariz.App. 445, 484 P.2d 214 (1971); Arizona Rules of Criminal Procedure, Rule 21.3.

The verdict returned by the jury was on the only "guilty" verdict form available to them. It did specify that the jury had found appellant guilty of the crime of possessing heroin. It is unreasonable to attribute to the jury in this case an intention to return a verdict finding appellant guilty of possessing "dangerous" drugs. The verdict was sufficient as worded, because the only reasonable conclusion which could be drawn from it was that the appellant was guilty of possessing heroin. *Cf, Holder v. State,* supra, 31 Ariz. at 367, 253 P. 629.

We think the following observation by the court in *Holder* is equally applicable to the facts of this case:

"We think it would be hypertechnical to say that, when a jury finds a defendant 'guilty' and adds words describing unmistakably the crime charged by the information, the verdict is void, even though the words of description are not as apt as a careful lawyer might use. In the case at bar, we cannot hold the jury did not find the appellant guilty of the precise offense of which he was accused, except by disregarding common sense, logic and the plain facts, and resorting to verbal quibbling and technical rules of construction worthy of that character in Hudibras 'who could a hair divide, between the south and southwest side.'" 31 Ariz. at 369, 253 P. at 633.

In this case, the facts all dealt with possession of heroin. There was no arguable issue presented that the substance possessed by appellant was not heroin. The jury was given only two forms of verdict. The form returned by them found the appellant guilty of possessing heroin. The drug denominated on the form—heroin—was mistakenly described as "dangerous" rather than "narcotic." Nevertheless, to conclude from this isolated use of the adjective "dangerous" that the jury had not unmistakably expressed its intent to convict the appellant of the precise offense charged, we would have to disregard "common sense, logic and the plain facts" of the case. *Holder v. State*, supra.

In the recent statement by our Supreme Court, in an analogous factual setting, it was observed:

"It is important to note that mere irregularity in a verdict of conviction is immaterial if the intent to convict the accused of the crime charged is unmistakably expressed * * * no irregularity in the rendition, reception or recording of a verdict shall affect its validity unless the defendant was, in fact, prejudiced thereby." *State v. Marin*, 107

Ariz. 580 at 582, 490 P.2d 1170 at 1172 (1971).

Several cases have upheld jury verdicts in similar factual situations. See e. g., *Barber v. State*, 16 Md.App. 235, 295 A.2d 814 (1972); *State v. Ledbetter*, 4 N.C.App. 303, 167 S.E.2d 68 (1969).

In *Barber* the defendant had gone to trial on a charge of "attempted robbery." The verdict, announced by the jury foreman, found the defendant "guilty of armed robbery with a dangerous weapon." The jury was dismissed. No objection to the form of the verdict had been made.

After noting that a judgment based on a jury's verdict of guilty for a crime with which the defendant had not been accused was invalid, the Court stated that the record in the case clearly supported the conclusion that the jury intended no such verdict as that returned. 295 A.2d at 817. The Court observed the following facts: The appellant had been indicted for "attempted robbery;" the charge was read that way to the jury; the opening statements referred to it that way; the instructions to the jury were based on that charge. Furthermore, all of the testimony showed the robbery was not accomplished and there was no reference in the record anywhere to an actual robbery, except in the verdict. 295 A.2d at 817. The Court concluded:

"[T]he substitution of the word 'armed' for 'attempted' was inadvertent. The error committed was one of form only and 'where the meaning of the verdict is so unmistakable, mere inartificiality [sic] in its form will not be sufficient to defeat justice by a nullification of a verdict which plainly declared the intent of the jury.' *Simmons v. State*, 165 Md. 155, 169, 167 A. 60, 66. The very purpose of language is to express ideas; when the language used unmistakably expresses a conclusion, technicalities in the form of the verdict cannot be used to invalidate that verdict." 295 A.2d 818.

We think the facts and the Court's decision in *State v. Ledbetter,* 4 N.C.App. 303, 167 S.E.2d 68 (1969), are also helpful in a resolution of the issue raised in this case. In that case, the defendant had been charged with one crime; involuntary manslaughter. After the verdict was taken, the jury was excused. The defendant then moved to have the verdict set aside, since it had found him guilty of manslaughter, rather than involuntary manslaughter. The Court denied the motion, called the jury back and the clerk was then directed to ask the jury "if they find the defendant guilty or not guilty of involuntary manslaughter." The jury found the defendant guilty.

The appellate court in reviewing the matter noted that:

"There could have been no confusion in the jurors' minds as to what crime was submitted to them for consideration." 167 S.E.2d at 75.

The court concluded that the verdict should be considered in connection with the charge to the jury and the evidence in the case and when so considered left no doubt as to the identity of the criminal offense of which the defendant was charged, tried and convicted.

As to the alleged error in recalling the jury after it had been discharged, the court, in *Ledbetter,* supra, stated:

"[T]he initial verdict is unambiguous when interpreted with reference to the warrant, the evidence and the charge. When the jury returned and again stated that they had found her guilty of 'involuntary manslaughter', this was nothing more than a simple change in form. The change, which was in fact unnecessary, did not prejudice the defendant in any way. It was simply a different way of saying the same thing. The substance and meaning of the verdict remained unaltered. The second purported taking of the verdict was mere surplusage and the defendant was in no way prejudiced." 167 S.E.2d at 76.

We think that observation is equally applicable to the issue in this case. The first verdict was valid. It responded substantially to all the material issues raised in the case. *Hampston v. State,* supra. The error in the form clearly had no effect on the verdict and the trial judge had authority to amend the error. *State v. Marin,* supra. The fact that the trial judge did not correct the error but, instead, recalled the jury to do so did not prejudice the defendant in any way. The substance and meaning of the verdict remained unaltered; the second taking of the verdict was mere surplusage. *State v. Ledbetter,* supra. The intent to convict the appellant of possession of heroin was unmistakable.

The judgment and sentence are affirmed.

OGG and FROEB, JJ., concur.