PEOPLE v. DAVIS.

1. ADULTERY—ELECTION—TIME OF OFFENSE—INDICTMENT AND INFORMATION—CRIMINAL LAW.

Respondents charged with adultery are entitled to request an election as to the date of the offense relied upon, so as to enable them to meet the charge, although the information need not specify the exact date. A statement of the prosecuting attorney that he would show respondents committed the offense between the 28th of April and the middle of May, 1912, was an insufficient election.

2. SAME—EVIDENCE.
  Proof of acts of intimacy prior to the date charged is
  competent, but evidence of subsequent conduct is not ad-
  missible.

3. SAME—COMPLAINT—HUSBAND AND WIFE.
  Where the prosecution introduced in evidence the record
  of a marriage between the complaining witness and one
  respondent charged with adultery, and during the trial
  the attorney for respondents objected to the testimony
  of the alleged husband as privileged, there was a sufficient
  showing that the complaint was properly made under
  3 Comp. Laws, § 11690 (5 How. Stat. [2d Ed.] § 14775),
  by the husband.

Exceptions before sentence from Bay; Collins, J.
Submitted April 17, 1913. (Docket No. 127.) De-
cided May 28, 1913.

Bert Davis and Mary Chevalier were convicted of
adultery. Reversed.

*Grant Fellows*, Attorney General, and *J. L. Mc-
Cormick*, Prosecuting Attorney, for the people.

*W. A. Collins* and *I. A. Gilbert*, for respondents.

KUHN, J. The respondents are charged with hav-
ing committed the crime of adultery at the city of Bay
City, in Bay county, on the 28th day of April, 1912.
The case was brought here on exceptions before judg-
ment. On the trial, before the jury was sworn, a re-
quest was made by the counsel for respondents that
the prosecuting attorney furnish a bill of particulars
of the dates upon which he relied. After the jury
was sworn the following occurred:

"*Mr. Hitchcock:* A statement was asked by counsel
for defendants requesting us to furnish a statement of
the dates on which we allege the occurrence to have
taken place. The only dates we can give are between
the 29th of April and the middle of May of this year
in the city of Bay City in a rooming house on Third
street, and I do not recall the number.

"*Mr. Collins:* That statement is not one such as I apprehend would be a compliance with the law. I therefore ask it to be more particularly stated.

"*The Court:* The case may proceed.

'*Mr. Collins:* I presume that ruling means that the prosecution is not required to furnish us with any more particular statement.

"*The Court:* Not at this time, no.

"*Mr. McCormick:* This case is a prosecution for adultery against the two defendants, Bert A. Davis, and—

"*Mr. Collins:* Just a moment. I desire to complete my objection to the ruling of the court. The information alleges the 28th day of April, 1912; the prosecution furnishes us with a statement from that date until the middle of May, which is after the date alleged in the information, and we object to the statement for the reason that it is not a particular specification at all, and for the additional reason that it is a specification at a time after the date alleged in the information and at a time when the law of this State says the prosecution can offer no proof. The law, your honor, seems to be quite explicit in this State and very precise to the effect that the prosecution can introduce evidence before, but not after.

"*Mr. Hitchcock:* I thought it was the 29th; I am informed it was the 28th. I think I stated it the 29th, and it should have been the 28th.

"*The Court:* Then restate the dates, and I think you should find out the name of the proprietor of that rooming house, or the number, so that that may be a part of the statement.

"*Mr. Hitchcock:* I will restate the dates are from the 28th day of April to the middle of the May following, and the proprietor of the rooming house where the acts are alleged to have been committed is James W. McAllister, whose rooming house is upstairs over 205-207 Third street, Bay City, Mich. The year is 1912.

"*Mr. Collins:* I wish to renew my objection in the same form it was before, and I desire to call the court's attention to a certain case.

"*The Court:* The motion is overruled. You may have an exception, and the case will proceed."

No effort was made by the prosecutor to fix the time more definitely, and testimony was admitted to show the relations of the parties between the dates mentioned. In his charge to the jury the court said:

"So that the question gets right down to this, as to whether or not these defendants had intercourse one or more times between the 28th day of April, 1912, and the 16th day of May, 1912. If they did, they are guilty as charged. If they did not, they are innocent. * * * The people must prove beyond a reasonable doubt that these defendants had sexual intercourse one or more times between the 28th day of April, 1912, and the 16th day of May, 1912, in the rooming house conducted by the McAllisters."

It was the duty of the prosecutor to fix some specific date, as the respondents had the right to know the date upon which he relied so as to enable them to prepare to meet the charge. Under the case as submitted by the court one juror might have found them guilty of having committed the offense on a certain day between the dates alleged, another on another day, and perhaps no two of the jury agreeing upon the same day. *People* v. *Davis,* 52 Mich. 569 (18 N. W. 362).

It would have been proper to have shown acts of intimacy prior to the date charged. This was not done, however, and acts subsequent thereto were shown. This testimony was wholly incompetent under repeated rulings of this court. *People* v. *Clark,* 33 Mich. 112; *People* v. *Etter,* 81 Mich. 570 (45 N. W. 1109); *People* v. *Hubbard,* 92 Mich. 322 (52 N. W. 729); *People* v. *Fowler,* 104 Mich. 449 (62 N. W. 572); *People* v. *Payne,* 131 Mich. 474 (91 N. W. 739); *People* v. *Brown,* 142 Mich. 622 (106 N. W. 149). See, also, *People* v. *Molineux,* 168 N. Y. 264 (61 N. E. 286, 62 L. R. A. 335, and cases in note).

It is also urged that there was error because there was no proof that the complaint was made by either the husband or wife of the respondents. Section

11690 of the Compiled Laws provides that "no prosecution for adultery shall be commenced but on the complaint of the husband or wife." The complaint is signed by Louis Chevalier, who was offered as a witness by the people. At the time the following colloquy was had:

"*Mr. Hitchcock:* Louis Chevalier, be sworn.

"*Mr. Collins:* No, I object to Mr. Chevalier being sworn for the reason that he is incompetent in this case as a witness. The testimony shows him to be the husband, and by consent the case has been made *prima facie* that he is married to the defendant. Under the statute he is not a competent witness.

"*Mr. Hitchcock:* Competent as to Mr. Davis without question. He is the complaining witness in the case.

"*The Court:* Have you any authority on that proposition?

"*Mr. Hitchcock:* We will withdraw the witness.

"*Mr. Hitchcock:* That is the people's case."

The record of marriage of Louis Chevalier and Mary La Clair, the respondent, was received in evidence, and this, together with the statement of counsel above set forth, made a sufficient showing that the complaint was made by a person authorized by the statute.

The conviction must be reversed, and a new trial granted.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.