PEOPLE v. AYERS.

1. RAPE—STATUTORY OFFENSE—MINORS.
The essential facts necessary to convict a respondent of statutory rape are that he had sexual intercourse with the female mentioned in the information and that she was then under the age of 16 years.
182 Mich.—16.

2. SAME—EVIDENCE—CRIMINAL LAW—SUBSEQUENT OFFENSE.

> It was prejudicial error to permit the prosecution to show that the accused committed an offense of the same nature which the information charged, at a subsequent date; having identified a particular transaction shown by the testimony, the prosecution was not entitled to offer proof of a similar act occurring at a later time.

3. SAME—APPEAL AND ERROR—CURING ERROR.

> The court did not cure such error by instructing the jury that respondent could not be convicted of the later offense shown by such incompetent testimony, although if, as requested by respondent's counsel, he had charged that the acts, if any, could not be considered for any purpose, the error might have been cured.

4. SAME—VENUE.

> In criminal trials the venue must be proved by competent evidence, beyond a reasonable doubt, and judgment cannot be sustained in a cause in which the record contains no proof of the township or county wherein the alleged crime occurred.

5. SAME—EVIDENCE—JUDICIAL NOTICE.

> Although the court may take judicial notice of the extent and boundaries of political subdivisions such as counties, townships, cities and villages, the rule cannot be extended to include a farm or other locality designated by the name of its present or former owner.

Error to Cass; Des Voignes, J. Submitted June 12, 1914. (Docket No. 103.) Decided July 25, 1914.

Oliver Ayers was convicted of rape committed upon a female under 16 years of age. Reversed.

*Grant Fellows,* Attorney General, and *Asa K. Hayden,* Prosecuting Attorney, for the people.

*U. S. Eby, C. M. Lyle,* and *W. J. Barnard,* for respondent.

STEERE, J. Respondent was convicted of the crime of statutory rape in the circuit court of Cass county, under an information containing a single count charging him with having on the 27th day of April, 1911,

in Penn township, Cass county, Mich., feloniously assaulted and carnally known one Mabel Bowerman, a female child under the age of 16 years. After denial of a motion for a new trial, respondent brings the proceedings to this court by a writ of error containing 40 assignments, which, condensed, may be stated as relating to alleged errors in the admission and rejection of testimony, in prejudicial remarks of the court, improper arguments of counsel, in the charge of the court to the jury, in refusal to grant certain of respondent's requests, and in denying his motion for a new trial.

The two essential facts necessary for the prosecution to prove in order to convict were that respondent had sexual intercourse with the girl at or about the time alleged, and that she was then under the age of 16 years. To establish the first, the prosecution relied upon her testimony for conviction. It is claimed, and seems to be conceded by both sides, that she was not of strong mentality and was easily influenced, having made conflicting statements and affidavits upon the subject, at times charging respondent with the offense and at others as positively denying the same. This unfortunately gave rise to considerable acrimony at the trial; each side imputing to the other improper activity in influencing her to make and retract charges against respondent.

On the trial it was shown that said Mabel Bowerman gave birth to an illegitimate child on January 22, 1912. She testified that respondent was the father of this child as the result of sexual intercourse with her which occurred "on the Underwood farm, in the house," where she was a member of his family. She was unable to give any dates. She testified that respondent had intercourse with her more than once previous to that time. The following question was asked by the prosecution:

"Did he have intercourse with you after you knew you were in the family way?"

An objection to this was overruled, and she answered "Yes." This ruling was error. *People* v. *Davis,* 175 Mich. 594 (141 N. W. 667), and cases there cited. This subject has been so thoroughly canvassed in the cases there referred to that it is unnecessary to here review the principles involved and reason for the rule. The only reason urged in extenuation of this ruling is that in cases of this nature, where the offense is charged as having been committed on or about a certain date, the prosecution is not confined to the exact date alleged but may prove the act as having been committed at any time within the statute of limitations; that owing to inability of the witness, upon whom the prosecution was compelled to rely to give dates, only reasonable latitude was allowed to ascertain and identify the specific act selected and sought to be proven. It is a well-settled rule that the prosecution is entitled to some latitude in the particular mentioned, and should not be compelled in the first instance, before the transaction is clearly identified, to select a particular act or date, but, having once identified and selected a particular transaction, the prosecution must then stand or fall by the election, and proof of subsequent acts of like nature are inadmissible. 22 Cyc. p. 404. If, in the preliminary inquiry, proof of subsequent offenses of like nature is inadvertently or unavoidably made, it should be stricken out and the jury instructed to disregard it.

It is said in this case that the error was cured by the charge of the court in the following language, being a portion of a request preferred by respondent:

"You are further instructed that, if you should believe from the evidence in this case that the respondent had sexual intercourse with Mabel Bowerman after the time she claimed the respondent had intercourse with

her in the bedroom at the Underwood farm, you cannot convict respondent of the same."

Had the court given the remainder of this request, it perhaps would have been sufficient. Said request concluded as follows:

"And such acts of intercourse, if any has been proved, cannot be considered for any purpose."

Respondent was also entitled to have this portion of his request given.

Identifying the alleged offense as that committed in the house on the Underwood farm when she became pregnant, and determining the approximate date by the birth of the child as being on or about April 27, 1911, it is claimed by the prosecution that Mabel Bowerman was shown to have then been under 16 years of age. She testified that she was 17 years old on the 24th of July, 1913. Her mother, Mrs. Jane Thorp, also testified that such was her daughter's age. On cross-examination the mother said that she had borne 10 children, but could not state the exact dates of the births of the others or the dates of her marriage to her first or second husband or of her first husband's death, nor how long she had been married to her second husband. Pursuing this subject she was asked how many years intervened between the births of two of her children, naming them, which inquiry was objected to and the objection sustained. The following question was then asked:

"How do you know that Mabel is 17 years old the 24th of July?"

This question was objected to, and the objection sustained. This was a proper question, directly relating to a most important and material issue in the case. The prosecution contends, in support of this objection and ruling, that the subject had already been gone over, and control of cross-examination is largely

in the discretion of the court. If the cross-examination of this witness was unduly protracted, upon collateral matter or by repetition, the record does not disclose it. No repetition of the question ruled out is anywhere manifest. The preceding cross-examination occupies upon the printed record but little over half a page, and the answers appear to naturally lead up to and make competent in cross-examination the inquiry disallowed.

It is also urged as a ground of reversal that no venue was proven. The rule is elementary that in criminal trials the venue must be proved by competent evidence beyond a reasonable doubt, and where the record fails to locate the place of the crime within the jurisdiction of the court, whether through inadvertence or otherwise, the judgment must be reversed. While in this State, under section 11919, 3 Comp. Laws, an information is not to be held defective for want of proper venue, and time and place need not be proven exactly as alleged, a venue must nevertheless be proven in all cases to show that the court has jurisdiction of the offense charged. Tiffany's Criminal Law, p. 535; 22 Enc. of Pl. & Prac. p. 827; 2 Bishop's New Crim. Procedure (2d Ed.), p. 1171; 13 Enc. of Ev. p. 929; *Kolman* v. *State,* 124 Ga. 63 (52 S. E. 82) ; *State* v. *Hartnett,* 75 Mo. 251; *Boykin* v. *State,* 148 Ala. 608 (42 South. 999). The venue is laid in this information as at the township of Penn, county of Cass, and State of Michigan. We have searched in vain all testimony given upon the trial of this cause, as disclosed by the printed record, for any mention of the township, county, or State, as alleged in the information. The only identification of the time and place, when and where the alleged offense was committed, is found in the prosecutrix's testimony, wherein she states that the intercourse which she had with respondent causing pregnancy, resulting

in birth of the child she bore (which is the act relied on for conviction), took place on the Underwood farm, in the bedroom, in the house.

While courts may take judicial notice of the extent and boundaries of political subdivisions, such as counties, townships, cities, and villages, the rule has never been, and cannot be, extended to cover a farm or other locality only designated and identified by the name of its present or former owner.

Contending that it is possible to draw from the record, taken as a whole, and particularly from the testimony of nearby neighbors as to their residence, an inference that the Underwood farm is in Penn township, the case of *People* v. *Waller,* 70 Mich. 237 (38 N. W. 261), is cited to sustain this conviction. If any such inference is to be drawn, it locates the Underwood farm in the neighboring county of Calhoun, the only county mentioned by any witness in the record. Although the locality named may have been so well known and familiar to all engaged in the trial that to prove it was in Penn township seemed superfluous, so far as the evidence taken on the trial localizes the Underwood farm in any political subdivision, it might be situated anywhere in the United States, or even in a foreign country. The *Waller Case* deals with political subdivisions, and the court went no further than to hold that judicial cognizance can be taken of the division of a county into townships. In that case the original information charged a larceny to have been committed in the township of Sparta, in Kent county, and the prosecution discovered that the proofs located the offense in the township of Tyrone, in Kent county. A motion was thereupon made for leave to amend the information, which was granted. On the trial the venue was proven to be in Tyrone township, Kent county, Mich. This court said that even an amendment of the information was not necessary, because both townships were

in the same county, and jurisdiction of the circuit court was coextensive with the body of the county. We see nothing in such ruling to sustain an entire omission of any proof as to the township, county, or State in which the act charged was committed.

While many of the remaining assignments of error are deemed unimportant, others would require serious consideration, if they were such as to probably arise upon a retrial of the case, but we assume that they will not and think it would be unprofitable to discuss them here.

For the errors pointed out, the conviction and sentence must be set aside, and a new trial granted.

The judgment is reversed, and a new trial ordered.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.