# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTONIO WANYA CRAWFORD,

Defendant-Appellant.

UNPUBLISHED
May 16, 2017

No. 330215
Muskegon Circuit Court
LC No. 14-065291-FC

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of two counts of armed robbery, MCL 750.529, and acquitted of two counts of possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent terms of 9½ to 32 years for the armed robbery convictions. Defendant appeals as of right. We affirm.

Defendant's convictions arise from the armed robbery of Jaeden Kammers and Daniel Ribon on Jiroch Street in Muskegon, Michigan on August 9, 2014. On Jiroch Street, after Kammers and Ribon handed defendant the video game that Kammers was trying to sell and their cell phones, defendant walked off. When Kammers and Ribon yelled at defendant, defendant returned and "peeked around the corner" of a house. Defendant pointed a gun in the direction of Kammers and Ribon and asked them if they were "tryin' to do something" before he ran off again.

On appeal, defendant argues that the trial court erred in denying his motion for a mistrial after Detective Keith Stratton testified that defendant had requested a polygraph examination. We review a trial court's decision on a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App at 210, 217; 749 NW2d 272 (2008).

A trial court should grant a mistrial only for an irregularity that impairs the defendant's right to a fair trial and the prejudicial effect of the error cannot be removed in any other way. *Schaw*, 288 Mich App at 236; *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008). Instructions are presumed to cure most errors, and a jury is presumed to follow its instructions. *Unger*, 278 Mich App at 235.

-1-

In general, it is error to refer to a polygraph examination before the jury. *People v Nash*, 244 Mich App 93, 98; 625 NW2d 87 (2000). But the error does not always require granting a mistrial. *Id.*; *People v Ortiz-Kehoe*, 237 Mich App 508, 514; 603 NW2d 802 (1999). This Court can consider the following factors in deciding whether a trial court abused its discretion in failing to grant a mistrial after there was mention of a polygraph examination:

> (1) whether defendant objected and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster the witness's credibility; and (5) whether the results of the test were admitted rather than merely the fact that a test had been conducted. [*People v Yatooma*, 85 Mich App 236, 240; 271 NW2d 184 (1978).]

We conclude that the trial court did not abuse its discretion in denying defendant's motion for a mistrial. Detective Stratton told the trial court his reference to a polygraph examination "slipped," and the trial court accepted the explanation. This Court must give due regard to the special opportunity of the trial court to judge the credibility of Detective Stratton. See MCR 2.612(C). Given that the reference was inadvertent, it was not an attempt to bolster Detective Stratton's credibility. There were no repeated references to a polygraph examination. Additionally, Detective Stratton only stated that defendant had requested a polygraph examination. The jury was never informed that defendant actually took a polygraph examination, much less told the results. Furthermore, the trial court instructed the jury to disregard the testimony about defendant's requesting a polygraph examination and that it must consider only the admitted evidence. We presume the jury followed this instruction. *Unger*, 278 Mich App at 235. Consideration of the relevant factors establishes that the trial court's decision to deny defendant's motion for a mistrial fell within the range of reasonable and principled outcomes. *Id.* at 217.

Defendant next argues that the trial court erred in admitting, pursuant to MRE 404(b) and MCL 768.27, evidence of a robbery that he committed in 2011. Plaintiff argues that MRE 404(b) and MCL 768.27 conflict, and because MCL 768.27 is a substantive rule of evidence, the statute trumps MRE 404(b). We review a trial court's evidentiary decisions for an abuse of discretion, although preliminary questions of law are reviewed de novo. *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Unger*, 278 Mich App at 217.

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In *People v VanderVliet*, 444 Mich 52, 74; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994), our Supreme Court instructed trial courts to employ "the evidentiary safeguards already present in the Rules of Evidence" in determining the admissibility of other-acts evidence. First, pursuant to MRE 404(b), trial courts must ensure that the other-acts evidence is offered for a purpose other than establishing a character to conduct theory. *Id.* Second, pursuant to MRE 402, trial courts must ensure that the other-acts evidence is relevant to an issue or fact of consequence at trial. *Id*. Third, pursuant to MRE 403, trial courts must ensure that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Id.* at 74-75. Fourth, under MRE 105, upon a request, a trial court may give a limiting instruction. *Id.* at 75.

MCL 768.27 provides:

In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant.[1]

The Supreme Court has the authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5. In accordance with the separation of powers principles, the Supreme Court's authority in matters of practice and procedure is exclusive and cannot be exercised by the Legislature. *People v Watkins*, 491 Mich 450, 472-473; 818 NW2d 296 (2012). The Supreme Court's rule-making authority is limited to matters of practice and procedure. *Id*. at 473. Thus, the Supreme Court is not authorized to establish, abrogate, or modify the substantive law. *McDougall v Schanz*, 461 Mich 15, 27; 597 NW2d 148 (1999). So, when a rule of evidence and a statute conflict, a court must determine whether the statute addresses purely procedural matters or substantive law. *Id.* A rule of evidence adopted by the Supreme Court will prevail over a conflicting statute only if the statute infringes on the authority granted to the Court by Const 1963, art 6, § 5 to establish rules relating to matters of practice and procedure. *Watkins*, 491 Mich at 472.

Regarding plaintiff's argument, we first must determine whether there is an "irreconcilable conflict" between MRE 404(b) and MCL 768.27. *Watkins*, 491 Mich at 467. It is only when there is an irreconcilable conflict between a rule of evidence and a statute that a court must determine whether the Legislature enacted a statute that infringed on the Supreme Court's exclusive rule-making authority. *Id.*; *McDougall*, 461 Mich at 24.

---

[1] MCL 768.27 was enacted as part of the Code of Criminal Procedure, 1927 PA 17. See *People v Smith*, 388 Mich 93, 96; 199 NW2d 179 (1972). The Michigan Rules of Evidence, including MRE 404(b), took effect March 1, 1978. 402 Mich lxxxviii.

Plaintiff argues that MRE 404(b) and MCL 768.27 conflict in four ways. First, plaintiff claims that MCL 768.27, unlike MRE 404(b), does not have an express prohibition against the admission of other-acts evidence to prove a defendant's propensity. While this fact is true, our Supreme Court has held that, like MRE 404(b), MCL 768.27 only allows for the admission of other-acts evidence if the evidence is relevant to a noncharacter purpose. See *Watkins*, 491 Mich at 471 ("MCL 768.27 codified what later essentially became the substance of MRE 404(b). Both MCL 768.27 and MRE 404(b) limit the admissibility of other-acts evidence to consideration for noncharacter purposes, such as to show a defendant's motive, intent, or common plan or scheme."); *id.* at 485 ("MCL 768.27 limits the admissibility of other-acts evidence to consideration for noncharacter purposes.").

Second, plaintiff claims that MCL 768.27, unlike MRE 404(b), restricts the nonpropensity purposes for which other-acts evidence is admissible. We agree that while MRE 404(b) does not limit the nonpropensity purposes for which other-acts evidence may be admitted, *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000), the language of MCL 768.27 provides for the admission of other-acts evidence for four specific nonpropensity purposes: to prove (1) the defendant's motive, (2) the defendant's intent, (3) the absence of mistake or accident on the defendant's part, or (4) the defendant's scheme, plan, or system in doing the act. See *People v Jackson*, 498 Mich 246, 269; 869 NW2d 253 (2015) ("Unlike MCL 768.27, however, MRE 404(b)'s list of such purposes is expressly nonexhaustive, and thus plainly contemplates the admission of evidence that may fall outside the statute's articulated scope."). Notably, however, plaintiff does not want this Court to declare that MRE 404(b) and MCL 768.27 conflict simply because MCL 768.27 limits the nonpropensity purposes for which other-acts evidence is admissible.[2] Plaintiff specifically states that when the prosecution seeks to admit other-acts evidence for a nonpropensity purpose not listed in MCL 768.27, such as identity or opportunity, there is no conflict between MRE 404(b) and MCL 768.27, and MRE 404(b) applies to the evidence. Plaintiff only believes that there is a conflict between MRE 404(b) and MCL 768.27 when the prosecution seeks to admit other-acts evidence for a nonpropensity purpose that is listed in MCL 768.27. But, in this situation, there is no conflict. If other-acts evidence is admissible under MCL 768.27 for a nonpropensity purpose, the evidence is also admissible under MRE 404(b). See *Jackson*, 498 Mich at 269 (stating that the authorization under MCL 768.27 for admission of other-acts evidence is encompassed by MRE 404(b)); *VanderVliet*, 444 Mich at 64-65 (holding that other-acts evidence is inadmissible under MRE 404(b) only if it is relevant solely to the defendant's character).

Third, plaintiff claims that unlike other-acts evidence admissible under MRE 404(b), other-acts evidence admissible under MCL 768.27 should not be subject to exclusion under MRE 403. In *Watkins*, 491 Mich at 482-483, the Supreme Court held that evidence admissible under MCL 768.27a was subject to exclusion under MRE 403 even though MCL 768.27a did not refer to MRE 403 because there was nothing inherent in the statute that prevented the application of

---

[2] We express no opinion on whether there is an irreconcilable conflict between MRE 404(b) and MCL 768.27 because the statute only provides for the admission of other-acts evidence when the evidence is relevant to certain nonpropensity purposes.

-4-

MRE 403. Plaintiff makes no argument that anything inherent in MCL 768.27 prevents the application of MRE 403 to evidence admissible under it. Furthermore, MCL 768.27 provides that a defendant's other acts which may tend to show the defendant's motive, the defendant's intent, the absence of mistake or accident on the defendant's part, or the defendant's scheme, plan, or system in doing an act "*may* be proved" when the same is material (emphasis added). The use of the word "may" indicates that trial courts have retained discretion in admitting evidence under MCL 768.27, *Watkins*, 491 Mich at 483-484, and such discretion is guided, in part, by MRE 403, *id.* at 484.

We reject plaintiff's argument that the propensity aspect of other-acts evidence admissible under MCL 768.27 should not be considered in the balancing test under MRE 403. In *Watkins*, our Supreme Court held that the propensity inference from evidence admissible under MCL 768.27a was to be weighed on the probative side of MRE 403's balancing test. *Id.* at 486. To do otherwise, the Court reasoned, would be to gut MCL 768.27a of its intended effect, which was to allow juries to know of a defendant's character or propensity to commit the charged crime through his other acts. *Id.* Unlike MCL 768.27a, MCL 768.27 limits admission of other-acts evidence to consideration for nonpropensity purposes. *Watkins*, 491 Mich at 471, 485. Because other-acts evidence is only admissible under MCL 768.27 for nonpropensity purposes, the propensity inferences that can arise from other-acts evidence admitted under MCL 768.27 should be part of the MRE 403 balancing test and should be considered on the prejudicial side.

Fourth, plaintiff claims that, unlike other-acts evidence admissible under MRE 404(b), other-acts evidence admissible under MCL 768.27 should not be subject to a limiting instruction under MRE 105. Still, there is nothing inherent in MCL 768.27 that prevents a trial court, when requested, from giving a limiting instruction regarding evidence admitted under the statute. Furthermore, even before the Michigan Rules of Evidence took effect, trial courts properly provided limiting instructions with respect to evidence admitted under MCL 768.27. See *People v Kelly*, 386 Mich 330, 335-337; 192 NW2d 494 (1971).

We conclude that there is no irreconcilable conflict between MRE 404(b) and MCL 768.27. Both MRE 404(b) and MCL 768.27 limit the admission of other-acts evidence to consideration for noncharacter purposes. *Watkins*, 491 Mich at 471. In the present case, plaintiff asserts that evidence of the 2011 robbery was admissible to show defendant's intent and defendant's system in doing an act. If evidence of the 2011 robbery was relevant to defendant's intent or system in doing an act, it was admissible under MRE 404(b) and MCL 768.27 and consideration of the evidence was limited to those nonpropensity purposes. Additionally, evidence of the 2011 robbery, whether admissible under MRE 404(b) or MCL 768.27, remained subject to exclusion under MRE 403 and to a limiting instruction under MRE 105.

Other-acts evidence is logically relevant to show that the charged act occurred where the other act and the charged act are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system. *Sabin*, 463 Mich at 63. General similarity between the charged act and the uncharged act, by itself, is not sufficient to establish a common plan, scheme, or system. *Id.* at 64. There must be more than mere similarity in the results; rather, there must be a concurrence of common features that the acts are naturally to be explained as caused by a general plan of which they are the individual manifestations. *Id.* at 64-65.

-5-

There was general similarity between the uncharged act and the charged act. In each, although defendant stole electronic devices from teenage boys, he did so using two different methods. Regarding the 2011 robbery, D'Angelo Moore testified that defendant attacked him from behind while he was walking home. Defendant kicked or punched Moore and then took Moore's MP3 player. In the charged act, defendant did not physically attack Kammers and Ribon. Rather, after meeting Kammers and Ribon at Hackley Hospital, defendant had them take him down Jiroch Street. There, defendant asked Kammers and Ribon to see the video game and their cell phones, and when he had the video game and cell phones, he walked away from them. When Kammers and Ribon yelled at him, defendant came back and pointed a gun at them. No gun was used in the 2011 robbery. While there was a similarity in results, because defendant used two different methods in robbing teenage boys of electronic devices, there was not such a concurrence of common features that the acts were naturally to be explained as caused by a general plan. *Id.* at 64-65.

When other-acts evidence is offered to show intent, logical relevance only requires that the charged act and the uncharged act be of the same general category. *VanderVliet*, 444 Mich at 79-80. There was evidence indicating that defendant went to Hackley Hospital with the intent to rob Kammers and Ribon. When he arrived at the hospital, defendant introduced himself as Jaquan Hicks, someone with whom he had bad blood. Right before trial started, defendant made the statement that on August 9, 2014, he walked from a graduation open house to Hackley Hospital to use the bathroom, and while there, he bumped into two people who wanted to buy drugs from him and who asked if he wanted to buy a video game. Therefore, defendant placed himself at Hackley Hospital on August 9, 2014, and meeting with Kammers and Ribon. But based on defendant's statement, defendant had an innocent intent in going to Hackley Hospital. The 2011 robbery and the charged armed robberies were of the same general category: robberies of teenage boys for electronic devices. Accordingly, evidence of the 2011 robbery was relevant to negate defendant's claim that he went to Hackley Hospital with innocent intent.

We reject defendant's argument that even if evidence of the 2011 robbery was relevant to a nonpropensity purpose, the evidence should have been excluded under MRE 403. Under MRE 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury. *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005). Unfair prejudice refers to the tendency of proposed evidence to adversely inject considerations extraneous to the merits of the lawsuit, such as bias, sympathy, anger, or shock. *Id.* Evidence of the 2011 robbery did not have the tendency to inject considerations extraneous into trial. Additionally, evidence of the 2011 robbery had more than little probative value. It was probative to defendant's intent on August 9, 2014, when he went to Hackley Hospital, which was at issue at trial. We conclude that the trial court did not abuse its discretion in admitting evidence of the 2011 robbery. *Duenaz*, 306 Mich app at 90.[3]

---

[3] Even if the trial court abused its discretion in admitting evidence of the 2011 robbery, the error was harmless. After an examination of the entire cause, it does not affirmatively appear more

Next, defendant argues that the trial court erred in failing to grant a new trial after it was discovered that a female juror, through her employment at a dentist's office, knew the trial court's bailiff and that the jury considered possible penalties. We review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Terrell*, 289 Mich App 553, 558; 797 NW2d 684 (2010). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*. at 559; *Unger*, 278 Mich App at 217.

A defendant has a constitutional right to be tried by an impartial jury. US Const, Am VI; Const 1963, art 1, § 20. A juror's failure to disclose information may warrant a new trial if the juror's failure to disclose the information denied the defendant an impartial jury. *People v Miller*, 482 Mich 540, 548-549; 759 NW2d 850 (2008). Jurors are presumed to be impartial until the contrary is shown. *Id.* at 550. A defendant bears the burden to establish that the juror was not impartial or at least that the juror's impartiality was in reasonable doubt. *Id*.; *People v Rose*, 289 Mich App 499, 529; 808 NW2d 301 (2010).

Defendant acknowledges that the female juror was never asked to indicate whether she knew any members of the trial court's staff, but he claims that the trial court's failure to ask the veniremembers whether any of them knew any members of its staff was error requiring reversal. Defendant cites no authority in support of his argument. Therefore, the issue is abandoned. See *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001).

Regardless, defendant has not shown that the female juror's failure to disclose that she knew the bailiff denied him an impartial jury. *Rose*, 289 Mich App at 531. The bailiff averred that approximately one week after defendant's trial ended, he encountered one of the female jurors at a wedding reception. He was acquainted with the female juror through her employment at his dentist's office. At the hearing on defendant's motion for a new trial, the bailiff testified that he recognized the female juror during jury selection, but he was unsure about her employment. The bailiff explained that his dentist's wife was also a dentist, and he was unsure whether the female juror worked for his dentist or his dentist's wife. There was no "relationship of any sort" between him and the female juror. The mere fact that the female juror knew the bailiff from her employment at the dentist's office where the bailiff obtained dental services did not establish that the female juror harbored any bias for or against defendant. Accordingly, defendant has failed to establish the prejudice required to warrant a new trial. The trial court did not abuse its discretion in denying defendant's motion for a new trial on the ground that the female juror failed to disclose that she knew the bailiff. *Terrell*, 289 Mich App at 558-559.

A jury is to confine its deliberations to the issue of the defendant's guilt or innocence. *People v Goad*, 421 Mich 20, 25-26; 364 NW2d 584 (1984). The trial court instructed the jury, as was proper, that its decision was not to be influenced by possible penalty. *Id.*

It is a firmly established principle of the common law that a juror may not testify to impeach a jury verdict. *People v Fletcher*, 260 Mich App 531, 539; 679 NW2d 127 (2004). The only recognized exception to this rule relates to situations in which the jury verdict was affected

probable than not that the error was outcome determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999).

by something extraneous. *Id.* Thus, where there is evidence to suggest that the verdict was affected by an influence external to the trial proceedings, such as undue influence by third parties, a court may consider juror testimony to impeach a verdict. *Id.* But where the alleged misconduct relates to influences internal to the trial proceedings, a trial court may not invade the sanctity of the deliberative process. *Id.* The distinction between external and internal influences is not based on the location of the alleged misconduct but rather "whether the allegation is intrinsic to the jury's deliberative process or whether it is an outside or extraneous influence." *People v Budzyn*, 456 Mich 77, 91; 566 NW2d 229 (1997).

The allegation, as set forth in the bailiff's affidavit, which recounted what the female juror told him at the wedding reception, was that the jury—or at least one male juror—considered the penalty for felony-firearm. This allegation is intrinsic to the jury's deliberative process; it is misconduct inherent in the verdict. The allegation implies that during deliberations at least one juror considered a factor—possible penalty—that the jury was instructed not to consider. There was no outside or extraneous influence, such as undue influence by third parties, on the jury. Accordingly, the trial court did not abuse its discretion in denying defendant's motion for a new trial based on an extraneous influence. *Terrell*, 289 Mich App at 558-559.

Furthermore, even if considering the penalty for felony-firearm was an extraneous influence, we do not believe defendant is entitled to relief. The bailiff averred that the female juror told him that the male juror would not convict defendant of felony-firearm because a felony-firearm conviction would just add two years to defendant's sentence. Thus, consideration of the penalty for felony-firearm worked to defendant's advantage. Because of the male juror's consideration of the penalty for felony-firearm, defendant was acquitted of the felony-firearm charges. Consequently, defendant cannot demonstrate a direct connection between the extraneous influence and an adverse verdict. See *Budzyn*, 456 Mich at 89 (holding that to warrant relief, a defendant must establish that an extraneous influence adversely affected the verdict).

Defendant also argues that he is entitled to a new trial because the jury's decision to convict him of armed robbery and acquit him of felony-firearm was a compromise. Because defendant did not raise this issue before the trial court, it is unpreserved for appellate review. *People v Sands,* 261 Mich App 158, 160; 680 NW2d 500 (2004). Defendant must establish plain error affecting his substantial rights. *Id.*

Inconsistent verdicts within a single trial are permissible and do not require reversal. *People v Putnam*, 309 Mich App 240, 251; 870 NW2d 593 (2015). Nonetheless, our Supreme Court has indicated that inconsistent verdicts can suggest that a jury was lenient or compromised its verdict, and that if a jury compromised, the defendant may have been prejudiced if the jury verdict was not unanimous. *People v Lewis*, 415 Mich 443, 451-452; 330 NW2d 16 (1982).

Contrary to defendant's claim, the jury's verdicts on the armed robbery and felony-firearm charges were not inconsistent. A defendant cannot be convicted of felony-firearm unless the defendant possessed a firearm. See *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). But a defendant can be convicted of armed robbery without possessing a firearm. See MCL 750.529 (stating that a defendant, to be convicted of armed robbery, must "possess[] a dangerous weapon or an article used or fashioned in a manner to lead any person present to

reasonably believe the article is a dangerous weapon" or "represent[] orally or otherwise that he or she is in possession of a dangerous weapon"); *People v Chambers*, 277 Mich App 1, 9; 742 NW2d 610 (2007). Kammers and Ribon testified that defendant showed a gun and pointed it in their direction; however, there was no evidence that the police recovered a gun defendant may have used during the robbery. Based on the lack of a gun, as well as testimony from Kammers and Jainautica Watkins that they did not see a gun on defendant's person on August 9, 2014, the jury could have found that the prosecutor failed to prove beyond a reasonable doubt that defendant possessed a firearm but that the prosecutor did prove that defendant possessed an article used or fashioned in a manner to lead Kammers and Ribon to believe that it was a dangerous weapon.

Defendant argues that the trial court erred in denying his motion for a directed verdict. In reviewing a trial court's decision on a motion for a directed verdict, we review the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could have persuaded a rational trier of fact that the essential elements of the charged crime were proved beyond a reasonable doubt. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014).

The elements of armed robbery are the following:

(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*Chambers*, 277 Mich App at 7.]

Defendant asserts that he was entitled to a directed verdict on the armed robbery charge that related to Ribon because the evidence failed to establish that Ribon was put in fear. Kammers and Ribon testified that defendant, when he returned to the corner of the house after leaving with the video game and their cell phones, showed a gun and pointed it in their direction. Ribon testified that defendant only pointed the gun at Kammers and that, at the moment, he was not worried that defendant would point the gun at him. But Ribon also testified that he did not go after defendant because defendant had a gun. Accordingly to Ribon, he wanted his cell phone back, and he would have gone after defendant had defendant not had a gun.[4] It is for the trier of fact to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158

---

[4] We acknowledge that Ribon's testimony differed from Kammers'. Kammers testified that Ribon, after defendant pointed the gun at them, ran after defendant. Nonetheless, in deciding whether the trial court erred in not granting a directed verdict, we must construe all conflicts in the evidence in favor of the prosecution. *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007).

(2002). When viewed in the light most favorable to the prosecution, the testimony of Ribon that he did not go after defendant because defendant had a gun could have persuaded a rational trier of fact that defendant placed Ribon in fear. *Quinn*, 305 Mich App at 491.

Defendant also claims that the jury's acquittal on the felony-firearm charges casts doubt on Kammers' and Ribon's testimony that defendant possessed a gun and pointed it in their direction. But defendant cites no caselaw that suggests that a jury's not guilty verdict on one charge is determinative of, or even relevant to, the issue whether the evidence presented by the prosecutor, when viewed in the light most favorable to the prosecutor, could have persuaded a rational trier of fact that the essential elements of another charged crime were proved beyond a reasonable doubt. *Id*. Kammers and Ribon testified that defendant, when he returned to the corner of the house after leaving with their cell phones and the video game, showed a gun and pointed it in their direction. Kammers testified that he then left because he was scared. Ribon testified that he did not go after defendant because defendant had a gun. This evidence, when viewed in the light most favorable to the prosecutor, could have persuaded a rational trier of fact that defendant possessed a dangerous weapon or possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon. *Id.* Additionally, as already explained, because felony-firearm requires the use of a firearm, *Avant*, 235 Mich App at 506, and armed robbery does not, the verdicts on the armed robbery charges and the felony-firearm charges were not inconsistent.

Defendant argues that he was denied effective assistance of counsel. Because no evidentiary hearing was held on the claims of ineffective assistance of counsel, our review of the claims is limited to errors apparent on the record. *People v Seals*, 285 Mich App 1, 17, 19-20; 776 NW2d 314 (2009).

To establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below objective standards of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceedings would have been different. *Id*. To show that counsel's performance fell below objective standards of reasonableness, a defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy. *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011). This Court will not second-guess counsel on matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *Horn*, 279 Mich App at 39.

First, defendant claims that defense counsel was ineffective for failing to call Chris Burnam, the private investigator who spoke with Kammers, as a witness. Decisions regarding which witnesses to call are presumed to be matters of trial strategy. *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). Both the prosecutor and defense counsel questioned Kammers about what he told Burnam. But nothing indicates that Kammers' trial testimony differed from what he had told Burnam. Accordingly, defendant has failed to overcome the presumption that defense counsel's decision not to call Burnam as a witness was sound trial strategy. *Armstrong*, 490 Mich at 290.

Second, defendant claims that defense counsel was ineffective for failing to request instructions on unarmed robbery and larceny from a person. A trial court should give "a requested instruction on a necessarily included lesser offense . . . if the charged greater offense

requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002).

Larceny from a person is not an included lesser offense of armed robbery. See *People v Smith-Anthony*, 494 Mich 669, 687 n 53; 837 NW2d 415 (2013).[5] Because larceny from a person is not a lesser included offense of armed robbery, defendant was not entitled to an instruction on it, *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014), and any request for the instruction would have been futile. Defense counsel was not ineffective for failing to make a meritless request. *Dunigan*, 299 Mich App at 589.

Unarmed robbery is a necessarily included lesser offense of armed robbery. *People v Reese*, 466 Mich 440, 446-447; 647 NW2d 498 (2002). The decision whether to request an instruction on an included lesser offense is a matter of trial strategy. See *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982) ("The decision to proceed with an all or nothing defense is a legitimate trial strategy."). According to defendant's last statement, he left an open house at about 4:30 p.m. to use the bathroom at Hackley Hospital. While at the hospital, he ran into two people who wanted to buy drugs from him and who wanted him to buy a video game. He looked at the video game, but he gave it back to the people because he was not interested in buying it. Also, the people asked to see his cell phone. Because it was the defense theory that defendant never robbed Kammers and Ribon, defendant has failed to overcome the strong presumption that counsel's decision not to request an instruction on unarmed robbery was sound trial strategy. *People v Sardy*, 216 Mich App 111, 116; 549 NW2d 23 (1996).

Finally, defendant argues that his minimum sentence of 9 ½ years is disproportionate. He asks this Court to review his sentence for reasonableness.

In *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015), the Supreme Court held that Michigan's sentencing guidelines, to the extent that the guidelines required judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increased the minimum sentence range, violated the Sixth Amendment right to jury. To cure the constitutional violation, the Supreme Court rendered the sentencing guidelines advisory. *Id.* at 365. The Supreme Court also severed MCL 769.34(2) to the extent that it made the minimum sentence range mandatory, and it struck down the requirement in MCL 769.34(3) that a trial court must articulate a substantial and compelling reason for imposing a sentence that departs from the minimum sentence range. *Id.* at 364. Any sentence that departs from the minimum sentence range is to be reviewed for reasonableness. *Id.* at 365, 392.

A departure sentence that meets the principle of proportionality under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), constitutes a reasonable sentence. *People v Steanhouse*, 313

---

[5] In *Smith-Anthony*, the Supreme Court held that larceny from a person was not necessarily included in the offense of robbery under 2004 statutory amendments. See MCL 750.530(2). Because MCL 750.529, the armed robbery statute, incorporates the elements of robbery, larceny from a person would also not be an included lesser offense of armed robbery.

Mich App 1, 47-48; 880 NW2d 297 (2015). The principle of proportionality requires that a sentence be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Id.* at 45. Thus, a trial court is to take into account the nature of the offense and the background of the offender. *Id.* A trial court may consider the seriousness of the offense, factors that were not adequately considered by the sentencing guidelines, factors not considered by the sentencing guidelines, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. *Id.* at 46.

Only sentences that depart from the minimum sentence range are reviewed for reasonableness. *Lockridge*, 498 Mich at 365, 392. Defendant's minimum sentence did not depart from the minimum sentence range. "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). The Supreme Court's decision in *Lockridge* did not alter or diminish MCL 769.34(10). *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). Accordingly, because defendant has not alleged that the trial court erred in scoring the sentencing guidelines or relied on inaccurate information, we must affirm defendant's minimum sentence.

We affirm.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter